IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SIMMONS, SHEILA MURRAY
JACK MITCHELL, JACKIE RODRIGUEZ,
MADISON LIEFFORT, AND EMILY
CARTER

      USI,

v.                                              Case No. 8:23-cv-00201

USI INSURANCE SERVICES, LLC, a foreign
limited liability company and USI ADVANTAGE
CORP., a foreign corporation

      Defendants.
_____/

USI INSURANCE SERVICES, LLC

      Counter-Plaintiff,

Vs.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC

      Counter-Defendants
_____/

### COUNTER-DEFENDANTS MATTHEW SIMMONS AND JACK MITCHELL'S ANSWER AND AFFIRMATIVE DEFENSES TO USI'S COUNTERCLAIM

1

Counter-Defendants Matthew Simmons and Jack Mitchell (collectively "Counter-Defendants"), by and through undersigned counsel, hereby files their Answer and Affirmative Defenses to the Counterclaim for Injunctive Relief and Damages (the "Counterclaim") filed by Counter-Plaintiff, USI Insurance Services LLC ("USI"). Any allegation not specifically admitted herein is denied. As to each corresponding numbered paragraph in the Counterclaim, Counter-Defendants respond as follows:

## NATURE OF THE ACTION

1. Counter-Defendants only admit that they resigned from USI effective immediately on January 25, 2023. Counter-Defendants deny all other allegations in this paragraph.[1]

2. Counter-Defendants only admit that they resigned from USI effective immediately on January 25, 2023. Counter-Defendants deny all other allegations in this paragraph.

3. Counter-Defendants admit that they filed a Complaint for Declaratory Relief in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida to declare certain restrictive covenants illegal and unenforceable. Counter-Defendants otherwise deny all other allegations in this paragraph.

---

[1] The footnotes to the Counterclaim contain generalized statements and commentary by USI to which no response is required by Counter-Defendants. To the extent any of these statements require a response, Counter-Defendants deny them.

4. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

5. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

6. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

7. Counter-Defendants deny the allegations as to the Complaint, which speaks for itself. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

8. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

9. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

10. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

11. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

12. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

13. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

14. Counter-Defendants deny the allegations in this paragraph.

15. Counter-Defendants deny the allegations in this paragraph.

16. Counter-Defendants admit that they signed employment agreements with USI, but otherwise deny the allegations in this paragraph.

17. Counter-Defendants deny the allegations in this paragraph.

## THE PARTIES, JURISDICTION AND VENUE

18. Counter-Defendants admit that USI is in the insurance brokerage business but otherwise deny the allegations in this paragraph.

19. Counter-Defendants admit the allegations in this paragraph.

20. Counter-Defendants admit that Simmons was an employee of USI until his resignation on January 25, 2023. Counter-Defendants also admit that Simmons was previously employed by Wells Fargo Insurance Services, Inc. Counter-Defendants otherwise deny the allegations in this paragraph.

21. Counter-Defendants admit that Mitchell was an employee of USI until his resignation on January 25, 2023. Counter-Defendants otherwise deny the allegations in this paragraph.

22. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

23. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

24. This paragraph calls for a legal conclusion and therefore it is denied.

25. This paragraph calls for a legal conclusion and therefore it is denied.

26. Counter-Defendants admit that venue is proper in this District. Counter-Defendants otherwise deny all remaining allegations in this paragraph.

27. Counter-Defendants lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

## MATERIAL ALLEGATIONS

28. Counter-Defendants admit that they were employed by USI until their resignation on January 25, 2023. Counter-Defendants otherwise deny the allegations in this paragraph as stated.

29. Counter-Defendants deny the allegations in this paragraph.

30. Counter-Defendants deny the allegations in this paragraph.

31. Counter-Defendants admit the allegations in this paragraph.

32. Counter-Defendants admit that Exhibit A is Simmons' employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

33. Counter-Defendants admit that Exhibit A is Simmons' employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

34. Counter-Defendants admit that Exhibit A is Simmons' employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

35. Counter-Defendants admit that Exhibit A is Simmons' employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

36. Counter-Defendants admit that Exhibit A is Simmons' employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

37. Counter-Defendants admit that Exhibit B is Mitchell's employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

38. Counter-Defendants admit that Exhibit B is Mitchell's employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

39. Counter-Defendants admit that Exhibit B is Mitchell's employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

40. Counter-Defendants admit that Exhibit B is Mitchell's employment agreement with USI. Counter-Defendants otherwise deny the allegations of this paragraph as the agreement speaks for itself.

41. Counter-Defendants admit that Exhibit B is Mitchell's employment agreement with USI. Counter-Defendants otherwise deny the allegation of this paragraph as the agreement speaks for itself.

42. Counter-Defendants admit that Southeast Series of Lockton Companies, LLC ("Lockton") is an insurance broker. Counter-Defendants otherwise deny the allegations in this paragraph.

43. Counter-Defendants admit Lockton is an insurance broker. Counter-Defendants otherwise lack knowledge or sufficient information to admit or deny the allegations in this paragraph and, therefore, deny same.

44. Counter-Defendants deny the allegations in this paragraph.

45. Counter-Defendants deny the allegations in this paragraph.

46. Counter-Defendants deny the allegations in this paragraph.

47. Counter-Defendants admit that a broker of record is a document utilized to designate a customer's insurance broker. Counter-Defendants otherwise deny the allegations in this paragraph as stated.

48. Counter-Defendants deny the allegations in this paragraph as stated.

49. Counter-Defendants deny the allegations in this paragraph as stated.

50. Counter-Defendants deny the allegations in this paragraph as stated.

51. Counter-Defendants deny the allegations in this paragraph.

52. Counter-Defendants deny the allegations in this paragraph.

## COUNT I
## TEMPOPARY AND PERMANENT INJUNCTION
**(Against all Counter-Defendants)**

53. Counter-Defendants restate here paragraphs 1 through 52 of their Answer, as if fully set forth herein.

54. Counter-Defendants deny the allegations in this paragraph.

55. Counter-Defendants admit that they signed Exhibits A and B, but otherwise deny the allegations in this paragraph.

56. Counter-Defendants deny the allegations in this paragraph.

57. Counter-Defendants deny the allegations in this paragraph.

58. Counter-Defendants deny the allegations in this paragraph.

59. Counter-Defendants deny the allegations in this paragraph.

60. Counter-Defendants deny the allegations in this paragraph.

61. Counter-Defendants deny the allegations in this paragraph.

62. Counter-Defendants deny the allegations in this paragraph.

63. Counter-Defendants deny the allegations in this paragraph.

64. Counter-Defendants only admit that they resigned effective immediately on January 25, 2023. Counter-Defendants deny all other allegations in this paragraph.

65. Counter-Defendants deny the allegations in this paragraph.

66. Counter-Defendants deny the allegations in this paragraph.

67. Counter-Defendants deny the allegations in this paragraph.

68. Counter-Defendants deny the allegations in this paragraph.

69. Counter-Defendants deny the allegations in this paragraph.

70. Counter-Defendants deny the allegations in this paragraph.

71. Counter-Defendants deny the allegations in this paragraph.

Counter-Defendants deny all allegations contained in the "WHEREFORE" paragraph of Count I. Counter-Defendants further deny USI is entitled to any relief in this matter.

## COUNT II
### BREACH OF CONTRACT
### (Simmons)

72. Counter-Defendants restate here paragraphs 1 through 52 of their Answer, as if fully set forth herein.

73. Counter-Defendants deny the allegations in this paragraph.

74. Counter-Defendants deny the allegations in this paragraph.

75. Counter-Defendants deny the allegations in this paragraph.

Counter-Defendants deny all allegations contained in the "WHEREFORE" paragraph of Count II.  Counter-Defendants further deny USI is entitled to any relief in this matter.

## COUNT III
## BREACH OF CONTRACT
### (Mitchell)

76. Counter-Defendants restate here paragraphs 1 through 52 of their Answer, as if fully set forth herein.

77. Counter-Defendants deny the allegations in this paragraph,

78. Counter-Defendants deny the allegations in this paragraph.

79. Counter-Defendants deny the allegations in this paragraph.

Counter-Defendants deny all allegations contained in the "WHEREFORE" paragraph of Count III.  Counter-Defendants further deny USI is entitled to any relief in this matter.

## COUNT IV
## TORTIOUS INTERFERENCE WITH COTRACTUAL RELATIONS
### (Against Lockton)

The allegations contained in Count IV of the Counterclaim make no claim for relief against Counter-Defendants, and accordingly, Counter-Defendants make

no specific response thereto. To the extent any response is required, Counter-Defendants expressly deny all allegations as they relate to Counter-Defendants.

## COUNT V
### CIVIL CONSPIRACY
**(Against all Counter-Defendants)**

86. Counter-Defendants restate here paragraphs 1 through 52 of their Answer, as if fully set forth herein.

87. Counter-Defendants deny the allegations in this paragraph.

88. Counter-Defendants deny the allegations in this paragraph.

89. Counter-Defendants deny the allegations in this paragraph.

90. Counter-Defendants deny the allegations in this paragraph.

Counter-Defendants deny all allegations contained in the "WHEREFORE" paragraph of Count V. Counter-Defendants further deny USI is entitled to any relief in this matter.

## COUNT VI
### BREACH OF FIDUCARY DUTY/DUTY OF LOYALTY
**(Against Departing Producers)**

91. Counter-Defendants restate here paragraphs 1 through 52 of their Answer, as if fully set forth herein.

92. Counter-Defendants deny the allegations in this paragraph as they call for a legal conclusion.

93. Counter-Defendants deny the allegations in this paragraph.

94. Counter-Defendants deny the allegations in this paragraph.

95. Counter-Defendants deny the allegations in this paragraph.

96. Counter-Defendants deny the allegations in this paragraph.

97. Counter-Defendants deny the allegations in this paragraph.

98. Counter-Defendants deny the allegations in this paragraph.

Counter-Defendants deny all allegations contained in the "WHEREFORE" paragraph of Count VI. Counter-Defendants further deny USI is entitled to any relief in this matter.

## COUNT VII
## AIDING AND ABETTING BREACH OF FIDUCARY DUTY/DUTY OF LOYALTY
**(Against Lockton)**

The allegations contained in Count VII of the Counterclaim make no claim for relief against Counter-Defendants, and accordingly, Counter-Defendants makes no specific response thereto. To the extent any response is required, Counter-Defendants expressly deny all allegations as they relate to Counter-Defendants.

Counter-Defendants deny all allegations contained in the "WHEREFORE" paragraph of Count VII. Counter-Defendants further deny USI is entitled to any relief in this matter.

WHEREFORE, Counter-Defendants demand judgment in their favor, attorney's fees and costs pursuant to the agreements relied upon by USI and any

statutory or common law basis under applicable law including Section 542.335, Fla. Stat., and such further and additional relief as is just and proper.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise rests with USI, Counter-Defendants set forth the following affirmative and other defenses:

1. USI's Counterclaim fails to state a claim against Counter-Defendants for which relief may be granted because:

    a. Count I is a claim for remedy only and not a cause of action.

    b. USI is not entitled to relief under Count I for the reasons set forth in Counter-Defendants' Complaint for Declaratory Relief and their opposition to Counter-Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction.

    c. USI's claim that Counter-Defendants took USI's confidential information and used it for improper purposes is based "upon information and belief" is not alleged with the requisite specificity, containing conclusory legal allegations masquerading as facts, and cannot support the claims alleged. USI has raised only the mere possibility that Counter-Defendants acted unlawfully and as such it is insufficient to state a cause of action. USI has failed to plead with enough specificity and to raise a right to relief above a speculative level,

13

leaving the Court unable to draw a reasonable inference that Counter-Defendants are liable for any misconduct. In fact, Counter-Defendants did not retain any of USI's Confidential Information;

d. Count IV for Tortious Interference with Contractual Relations fails because USI has failed to adequately identify contractual relations with which Counter-Defendants' allegedly interfered and the claim is barred by the competitor's privilege, because Counter-Defendants are not a stranger to those contractual or business relations, and because Counter-Defendants' actions were otherwise justified;

e. USI's claims fail because USI does not have a protectable interest in some or all of its alleged clients or active prospective clients as those terms are defined in the subject employment agreements.

f. USI's claims fail because the post-employment restrictions at issue are overbroad and unenforceable, the public interest will be severely harmed if businesses are prohibited from selecting the companies with whom they desire to entrust their complex insurance and risk management needs, and because the balance of harms favors denial of injunctive relief;

g. USI's claims fail because USI has no legitimate business interest to protect to the extent that Lockton had pre-existing relationships with

    the relationships which caused certain lines of their business to move from USI; and

  h. Counts V and VI of USI's Counterclaim are barred by the economic loss rule and/or the independent tort doctrine.

2. Counter-Defendants did not cause any damages allegedly sustained by USI.

3. USI's claims are barred in whole or in part by USI's failure to mitigate, minimize or avoid the alleged damages averred in its Counterclaim.

4. USI's claims for equitable relief and damages are barred because Counter-Defendants have not engaged in any improper conduct or solicited any of USI's clients as alleged in the Counterclaim.

5. USI is not entitled to injunctive or declaratory relief because it has an adequate remedy at law.

6. USI's claims may be barred, at least in part, by the doctrines of unclean hands and/or laches.

7. Any alleged damages sustained by USI were, at least in part, caused by USI's own actions or inaction, which equaled or exceeded any alleged wrongdoing by Counter-Defendants.  USI's loss of some or all of its past, present, or prospective clients and employees is the result, at least in part, of its own actions or inactions including USI's failing to invest in proper resources and expertise to service clients.

8. USI cannot demonstrate a lack of justification because Counter-Defendants acted at all times in good faith and with justification and did not use improper means.

9. Counter-Defendants are entitled to the privilege of fair competition. Counter-Defendants did not employ wrongful means, Counter-Defendants' actions did not create or continue any unlawful restraint on trade, and Counter-Defendants acted out of their competitive interests and in furtherance of the related social benefits favoring open competition.

10. Counter-Defendants' actions did not induce an interference with an advantageous business relationship and, therefore, Counter-Defendants cannot be liable for the same.

11. Each of USI's claims are barred because Counter-Defendants were not the proximate cause or cause in fact of any alleged injury or damages to USI.

12. Each of USI's claims are barred because any injury or damage to USI was the result of intervening or superseding conduct.

13. USI's claims are barred to the extent that they have failed to satisfy the prerequisites, jurisdictional or otherwise, to maintain the claims asserted.

14. Any alleged damages sustained by USI were, at least in part, caused by the actions of others or resulted from the actions and/or omissions of third parties over whom Counter-Defendants had neither control nor responsibility.  Counter-

Defendants do not control the business decisions of any past, present, and/or prospective clients USI alleges to have lost as a result of Counter-Defendants' actions.

15. USI lacks standing and/or capacity to enforce the alleged contracts attached to and relied upon in the Counterclaim.

16. Counter-Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Counter-Defendants reserve the right to assert any additional or affirmative defenses that may become apparent or available through further investigation or during discovery and to voluntarily withdraw any affirmative defenses.

## **DEMAND FOR JURY TRIAL**

Counter-Defendants demand a trial by jury for all claims and issues so triable.

Respectfully submitted,

By: */s/ Lyle E. Shapiro*

Gregory P. Brown, Esq.
Fla. Bar No. 098760
Robert B. Gough, III, Esq.
Fla. Bar No. 884839
Hill Ward Henderson, P.A.
101 E. Kennedy Blvd., Ste. 3700
Tampa, FL 33602
Email: gregory.brown@hwhlaw.com
Email: rgough@hwhlaw.com

Lyle Shaprio, Esq.
Fla. Bar No. 120324
HERSKOWITZ SHAPIRO, PLLC
9130 S. Dadeland Boulevard
Suite 1609, Miami, FL 33156
Email: lyle@hslawfl.com

Nicola Gelormino, Esq.
Fla. Bar No. 91432
GELORMINO LAW, P.A.
9130 S. Dadeland Blvd., Ste. 1609
Miami, FL 33156
Email: nicola@gelorminolawpa.com

***Counsel for Plaintiffs/Counter-Defendants***

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Lyle E. Shapiro