UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SIMMONS, SHEILA
MURRAY, JACK MITCHELL,
and EMILY CARTER,

    Plaintiffs,

v.                                                                              Case No. 8:23-cv-201-TPB-AAS

USI INSURANCE SERVICES LLC
and USI ADVANTAGE CORP.,

    Defendants.
_____/

USI INSURANCE SERVICES LLC,

    Counter-Plaintiff,

v.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC.,

    Counter-Defendants.
_____/

## ORDER

Counter-Plaintiff USI Insurance Services, LLC (USI) moves to compel Counter-Defendant Southeast Series of Lockton Companies, LLC (Lockton) to produce documents responsive to Requests Nos. 12 and 13 of USI's Second Request for Production (RFP). (Doc. 88). Lockton opposes the motion. (Doc. 92).

1

I. **BACKGROUND**

Lockton and USI are competitor insurance brokerage firms. (Doc. 73, p. 3). On January 25, 2023, two former USI producers, Matthew Simmons and Jack Mitchell, and six other USI employees resigned from USI and immediately joined Lockton. (*Id.*, pp. 5–6). After these employees resigned from USI, several USI clients transferred their business to Lockton. (*Id.*, p. 6).

The same day, Mr. Simmons, Mr. Mitchell, and four other former USI employees filed a state court action for a judgment declaring that their restrictive covenants with USI were unenforceable. (Doc. 1-3). USI removed the state court case (Doc. 1) and brought counterclaims against Mr. Simmons and Mr. Mitchell for breach of contract and claims against Lockton for tortious interference and aiding and abetting the alleged breaches of fiduciary duties and of loyalty. (Doc. 3).

On February 15, 2023, the court entered an Injunctive Order enjoining Mr. Simmons, Mr. Mitchell, and the other named plaintiffs from servicing the transferred client accounts at issue in this action (the Restricted Accounts) and from otherwise violating their agreements with USI. (Doc. 31). In response to the court's Injunction Order, Lockton removed the enjoined employees from servicing the Restricted Accounts and replaced them with two non-party employees, Christopher Kakish and Theresa Kemp, who also resigned from USI the same day as the named plaintiffs. (Doc. 73, p. 6). The court entered an

Amended Injunction Order and extended its prohibitions on servicing the Restricted Accounts to Mr. Kakish and Ms. Kemp. (*Id.*, p. 21).

On June 2, 2023, USI served its Second RFP on Lockton. (*See* Doc. 88, Ex. A). Lockton served its responses on July 13, 2023. (*See* Doc. 88, Ex. B). USI now moves to compel documents responsive to its Second RFC Nos. 12 and 13. (Doc. 88). Lockton opposes the motion. (Doc. 92).

## II.   ANALYSIS

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

These two discovery requests and responses are at issue:

**RFP No. 12:** From April 1, 2023 to present, all Documents and Communications that reference or discuss this Litigation or the Injunction Orders between You and any client identified in Your Answer to Interrogatory 4 in USI's Second Set of Interrogatories to You or Your Answer to Interrogatory 1 in USI's Expedited Interrogatories to You.

**Response:** Lockton Southeast objects to this Request on the grounds that it is not relevant, nor proportional to the needs of this case. This Request is entirely disconnected from, and has no relevance to, any claim or defense in this action as it seeks "all documents and communications" with clients regarding this litigation or the injunction orders and extends beyond seeking information or documents relating to the Departing Employees and Departing Producers' separation from USI, potential affiliation with Lockton Southeast, the post-employment restrictions at issue, the decision of any USI clients to provide a broker of record to Lockton Southeast, or any alleged damages suffered by USI. Lockton Southeast further objects to this Request as overly broad, unduly burdensome and not proportional to the needs of this case, including the request for "all documents and communications". Lockton Southeast objects to this Request to the extent it is inconsistent with or exceeds the previously agreed upon protocol for the production of ESI and because it purports to unreasonably expand that ESI protocol, including with respect to text messages. Lockton Southeast objects to this Request on the grounds that USI, its direct competitor, seeks its private, confidential and/or proprietary business, financial, and/or technical information or trade secrets, including non-public communications with its clients. Subject to and without waiving the foregoing objections, Lockton Southeast will provide communications with the clients at issue in this litigation that were required by the Court's May 9, 2023 injunction order.

**RFP No. 13:** From March 9, 2023 to present, all internal Documents and Communications that reference or discuss this Litigation or the Injunction Orders, including, but not limited to, instruction provided to Your agents or employees regarding compliance with the Injunction Orders.

4

**Response:** Lockton Southeast objects to this Request on the grounds it is not relevant, nor proportional to the needs of this case. This Request is entirely disconnected from, and has no relevance to, any claim or defense in this action as it seeks "all internal documents and communications" regarding this litigation or the injunction orders and extends beyond seeking information or documents relating to the Departing Employees and Departing Producers' separation from USI, potential affiliation with Lockton Southeast, the post-employment restrictions at issue, the decision of any USI clients to provide a broker of record to Lockton Southeast, or any alleged damages suffered by USI. Lockton Southeast further objects to this Request as overly broad, unduly burdensome and not proportional to the needs of this case, including the request for "all internal documents and communications." Lockton Southeast objects to this Request to the extent it is inconsistent with or exceeds the previously agreed upon protocol for the production of ESI and because it purports to unreasonably expand that ESI protocol, including with respect to text messages. Lockton Southeast objects to this Request to the extent it seeks its private, confidential and/or proprietary business, financial, and/or technical information or trade secrets, including internal communications. Lockton Southeast objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, or other applicable privileges, doctrines, or immunities.

USI's Second RFP No. 12 requests discovery related to Lockton's communications about this litigation and the Injunction Orders as to the Restricted Accounts. In the Amended Injunction Order, the court required Lockton to provide notice to the clients on the Restricted Accounts about the Amended Injunction Order.[1] (Doc. 73, p. 23). Lockton produced this set of court-ordered communications. In conferral, however, Lockton's counsel stated that

---

[1] The court required Lockton to provide notice to the clients at issue in the form provided at Doc. 68-1. (*See* Doc. 73, p. 23).

5

additional communications regarding the litigation and Injunction Orders exist. (Doc. 88, pp. 6–7). Lockton's counsel explained these other communications arose in relation to subpoenas issued by USI to the Restricted Accounts, so they were not relevant. (*Id.*).

Documents evidencing Lockton's communications with the Restricted Accounts about the litigation and Injunction Orders are relevant and proportional to USI's tortious interference claim against Lockton. These communications would reveal what Lockton advised the Restricted Accounts about the ability of the former USI employees to service their accounts. Lockton's communications with the Restricted Accounts regarding USI's subpoenas are also relevant and proportional to USI's claims.

Similarly, USI's Second RFP No. 13 requests discovery related to Lockton's internal communications about the litigation and Injunction Orders from March 9, 2023 through the present. This discovery is relevant to USI's tortious interference claim. In addition, one of Lockton's defenses to USI's tortious interference claim is that it encouraged the former USI employees to not violate their USI agreements. Thus, RFP No. 13 requests documents and communications that are relevant and proportional to the needs of this case.

However, RFP No. 13 is overbroad as drafted in that responsive documents would likely include privileged communications and documents. Thus, RFP No. 13 is narrowed to include only those communications not

subject to the attorney-client privilege or the work product doctrine.

### III.  CONCLUSION

Accordingly, it is **ORDERED** that:

(1)  USI's motion to compel (Doc. 88) is **GRANTED in part** and **DENIED in part**.

(2)  By **September 15, 2023**, Lockton must produce documents responsive to USI's Second RFP No. 12.

(3)  By **September 15, 2023**, Lockton must produce documents responsive to USI's Second RFP No. 13 only if those documents are not protected by the attorney-client privilege or the work product doctrine.

(4)  Each party must bear their own attorney's fees and costs. *See* Fed. R. Civ. P. 37(a)(5)(C).

**ENTERED** in Tampa, Florida on September 7, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge