UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SIMMONS, SHEILA
MURRAY, JACK MITCHELL,
and EMILY CARTER,

    Plaintiffs,

v.                                    Case No. 8:23-cv-201-TPB-AAS

USI INSURANCE SERVICES LLC
and USI ADVANTAGE CORP.,

    Defendants.
_____/

USI INSURANCE SERVICES LLC,

    Counter-Plaintiff,

v.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC.,

    Counter-Defendants.
_____/

# ORDER

Counter-Plaintiff USI Insurance Services, LLC (USI) moves for in camera review and to compel production of certain documents on Counter-Defendants Matthew Simmons, Jack Mitchell, and Southeast Series of

1

Lockton's (collectively, Lockton) Amended Privilege Log. (Doc. 89). Lockton opposes the motion. (Doc. 95).

## I. BACKGROUND

USI's motion requested that the court review and compel production of 240 documents on Lockton's Amended Privilege Log. (Doc. 89). Lockton opposed the motion. (Doc. 95). The court took USI's motion under advisement and allowed in camera review of a 40-document sample selected by USI's counsel from Lockton's Amended Privilege Log. (Doc. 97). The court directed Lockton's counsel to email the selected documents to the court, along with any other communications or documents necessary for context. (*Id.*). Lockton's counsel emailed the requested 40 documents to the undersigned. The court reviewed the 40 documents in camera, along with Lockton's Amended Privilege Log.

## II. ANALYSIS

### A. Legal Standard

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). It is not necessary that the material be admissible at trial "if the discovery

2

appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The party invoking a discovery privilege bears the burden of proving the privilege exists. *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991); Middle District Discovery (2021) at Section VI(A)(1). "[W]hen possible, privileges should be narrowly construed." *Pierce Cty., Wash. v. Guillen*, 537 U.S. 129, 144–46 (2003). If a party withholds otherwise discoverable information by asserting a privilege or other discovery exemption, it must assert the claim expressly and "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5); *see also Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 695–96 (M.D. Fla. 2005); Middle District Discovery (2021) at Section VI(A)(1).

**B. Attorney-Client Privilege and Work-Product Doctrine**

Florida law governs the application of the attorney-client privilege in a federal diversity action. *See* Fed. R. Evid. 501; *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990). Under Florida law, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in rendition of

legal services to the client." FLA. STAT. § 90.502(2). Attorney-client privilege applies to "confidential communications made in the rendition of legal services to the client." *S. Bell Tel & Tel. Co v. Deason*, 632 So. 2d 1377, 1380 (Fla. 1994) (citing FLA. STAT. § 90.502). "A communication between lawyer and client is confidential if it is not intended to be disclosed to third persons other than (1) those to whom disclosure is in furtherance of the rendition of legal services to the client[,] [and] (2) those reasonably necessary for the transmission of the communication." FLA. STAT. § 90.502(1)(c).

Federal law governs work product issues. *Auto Owners*, 135 F.R.D. at 201 ("[T]he work product doctrine is a limitation on discovery in federal cases, and federal law provides the primary decisional framework.") (citation omitted). The work-product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The doctrine has two elements: to be protected, the document "must be (1) produced by an attorney or her agent and (2) created in anticipation of litigation." *United States ex rel. Bibby v. Wells Fargo Bank, N.A.*, 165 F. Supp. 3d 1319, 1323 (N.D. Ga. 2015) (quoting *Adams v. City of Montgomery*, 282 F.R.D. 627, 633 (2012)).

**C.   In Camera Review**

USI selected these 40 documents identified by the Amended Privilege Log Entry No. and Doc ID for in camera review:

4

| No. | Doc ID | No. | Doc ID | No. | Doc ID |
|---|---|---|---|---|---|
| 1 | USLOCK0056_0000223323 | 46 | USLOCK0056_0000363200 | 121 | USLOCK0056_0000480281 |
| 2 | USLOCK0056_0000223325 | 47 | USLOCK0056_0000363206 | 127 | USLOCK0056_0000210212 |
| 3 | USLOCK0056_0000348741 | 48 | USLOCK0056_0000363242 | 128 | USLOCK0056_0000210228 |
| 6 | USLOCK0056_0000223385 | 62 | USLOCK0056_0000176097 | 130 | USLOCK0056_0000221091 |
| 7 | USLOCK0056_0000223386 | 68 | USLOCK0056_0000211857 | 131 | USLOCK0056_0000221094 |
| 17 | USLOCK0056_0000348794 | 69 | USLOCK0056_0000211859 | 134 | USLOCK0056_0000490965 |
| 18 | USLOCK0056_0000214677 | 97 | USLOCK0056_0000328974 | 210 | USLOCK0056_0000350823 |
| 19 | USLOCK0056_0000223771 | 98 | USLOCK0056_0000328979 | 215 | USLOCK0056_0000156640 |
| 20 | USLOCK0056_0000223772 | 112 | USLOCK0056_0000156948 | 217 | USLOCK0056_0000472178 |
| 26 | USLOCK0056_0000479131 | 113 | USLOCK0056_0000351510 | 228 | USLOCK0056_0000350741 |
| 34 | USLOCK0056_0000211413 | 114 | USLOCK0056_0000351511 | 229 | USLOCK0056_0000350867 |
| 35 | USLOCK0056_0000211414 | 119 | USLOCK0056_0000114949 | 241 | USLOCK0056_0003184117 |
| 42 | USLOCK0056_0000217394 | 120 | USLOCK0056_0000479281 | 245 | USLOCK0056_0003184072 |
| 43 | USLOCK0056_0000221858 | | | | |

Lockton claims these documents are protected from disclosure by the attorney-client privilege or the work-product doctrine (either partially or in their entirety). The undersigned will address each category of documents.

### 1.     Redacted Models and Related Communication

Privilege Log Entry Nos. 18, 19, 20, 34, 35, 42, 43, 46, 47, 48, 68, and 69 comprise models Lockton produced to USI in redacted form and communications relating to those models. Upon in camera review, very few of the documents withheld as privileged contain or discuss any communications — much less privileged communications — from Lockton's counsel. Instead, the majority of the communications are business communications on which the in-house counsel is merely copied with no legal advice requested or given.

A communication is not privileged simply because a lawyer is copied. Rather, the proponent of the attorney-client privilege must show that the communication was confidential and that the primary purpose of the communication was to relay, request, or transmit legal advice. *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 6:09-cv-1002-Orl-31TBS, 2012 WL 5415108, at *4 (M.D. Fla. Nov. 6, 2012); *see also Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1237 (S.D. Fla. 2018) ("[T]he fact that these items may have been sent to Defendants' attorneys does not make them privileged.").

"When the business simultaneously sends communications to both lawyers and non-lawyers, it usually cannot claim that the primary purpose of the communication was for legal advice or assistance because the communication served both business and legal purposes." *In re Seroquel Prod. Liab. Litig.*, No. 6:06-MD-1769-ORL-22DAB, 2008 WL 1995058, at *4 (M.D. Fla. May 7, 2008); *Coffey-Garcia v. S. Miami Hosp. Inc.*, 194 So. 3d 533, 537 (Fla. 3d DCA 2016) ("The privilege protects only communications to and from a lawyer; it does not protect facts known by the client independent of any communication with the lawyer, even if the client later tells the fact to the lawyer . . .").

Within this category of documents, only Privilege Log Entry No. 68 contains a communication containing legal advice because the attachment to that communication includes revisions made by in-house counsel. This

6

communication may be withheld as privileged. Privilege Log Entry No. 69 appears to be the attachment to Privilege Log Entry No. 68, so it also is properly withheld. Privilege Log Entry Nos. 18, 19, 20, 34, 35, 42, 43, 46, 47, and 48 are business communications that are not privileged and, thus, must be produced.

### 2. Communications with In-House Counsel

Privilege Log Entry Nos. 1, 2, 3, 6, 7, 17, 113, 114, 127, 128, 130, 131, 210, and 229 are communications between Lockton's in-house counsel and its business management. Privilege Log Entry Nos. 1, 2, 3, 6, 7, and 17 are emails from Lockton's business management requesting legal advice related to Lockton's potential affiliation of Mr. Simmons. Privilege Log Entry Nos. 113 and 114 are an email and attachment from Lockton's business management to in-house counsel providing a draft term sheet requesting legal advice related to it. As such, Privilege Log Entry Nos. 1, 2, 3, 6, 7, 17, 113, and 114 may be withheld as privileged.

However, Privilege Log Entry Nos. 127, 128, 130, and 131 are emails scheduling meetings; they are not communications addressing any legal advice. As for the application of privilege to communications with corporate counsel, "[t]here is a general agreement that the protection of the privilege applies only if the primary or predominate purpose of the attorney-client consultations is to seek legal advice or assistance." *In re Seroquel Prod. Liab.*

7

*Litig.*, 2008 WL 1995058, at *4. In addition, Privilege Log Entry Nos. 210 and 229 are email communications along the lines of business related "FYIs," and not communications made for the purpose of obtaining legal advice. *See Id.* at *3 (holding a document or communication would not receive any protection if the document were purely a business document).

As such, Privilege Log Entry Nos. 127, 128, 130, 131, 210, and 229 are not privileged and must be produced.

### 3. Communications with Outside Counsel and Other Individuals

Privilege Log Entry Nos. 26, 62, 97, 98, 112, 119, 120, 121, 134, 215, 217, 228, 241, and 245 consist of communications between outside counsel, individual plaintiffs, and Lockton. These communications are protected under the attorney-client and joint defense privileges. The email communications followed oral communications between outside counsel and the individual plaintiffs. During those oral communications, the individual plaintiffs consented to counsel's representation. (Doc. 95-1, ¶ 15; Docs. 95-3–95-10, ¶ 3; Doc. 95-2, Ex. A).

In addition, communications among the individual plaintiffs and outside counsel are protected under the joint defense doctrine, which "empowers attorneys representing clients with similar legal interests [to] share information without risk of being compelled to disclose such information

8

generally." *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co., Inc.*, No. 12-cv 81397, 2015 WL 11921411, at *3 (S.D. Fla. July 6, 2015) (citing *Maplewood Partners*, 295 F.R.D. 550). "[T]he joint defense doctrine is an extension of the work product doctrine and allows parties facing a common litigation opponent to exchange privileged communications and attorney work product in order to prepare a common defense without waiving either privilege." *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650, 654 (S.D. Fla. 2009).

Privilege Log Entry Nos. 62 only relates to scheduling a meeting and is not privileged. In addition, Privilege Log Entry No. 228 is an internal business email that does not involve counsel, or any information related to litigation, with the exception the last sentence of the email January 25, 2023 5:28 a.m. The last sentence of that email may be redacted as privileged. Thus, Privilege Log Entry Nos. 62 and 228 (after redacting the last sentence on the January 25, 2023 5:28 a.m. email) are not privileged and must be produced. However, Privilege Log Entry Nos. 26, 97, 98, 112, 119, 120, 121, 134, 215, 217, 241, and 245 are privileged and may be withheld.

### III.   CONCLUSION

USI's Motion for In Camera Review and to Compel Production of Documents (Doc. 89) is **GRANTED in part and DENIED in part**:

(1) Lockton must produce Privilege Log Entry Nos. 18, 19, 20, 34, 35, 42, 43, 46, 47, 48, 62, 127, 128, 210, 228 (redacted),[1] 229, 130, and 131 electronically to USI's counsel by **5:00 p.m.** on **October 24, 2023**.

(2) By **5:00 p.m.** on **October 27, 2023**, the parties must confer about which documents of the 200 remaining documents still require in camera review after considering the rulings in this order. By **November 1, 2023**, USI must file a notice advising the court which documents still require in camera review. By **November 3, 2023**, Lockton must email those documents (in PDF format) to Chambers at chambers_flmd_sansone@flmd.uscourts.gov. Lockton's counsel may also provide any other communications or documents necessary for context.

(3) The discovery deadline remains October 23, 2023 (*See* Doc. 72), but this limited discovery is permitted past the deadline for purposes of the court's continued in camera review and resolution of this document production dispute.

(4) Each party must pay their own attorney's fees and costs related to this motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

---

[1] As noted above, the last sentence of the January 25, 2023 5:28 a.m. email may be redacted.

**ORDERED** in Tampa, Florida on October 20, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

11