UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SIMMONS, SHEILA
MURRAY, JACK MITCHELL,
and EMILY CARTER,

    Plaintiffs,

v.                                                        Case No. 8:23-cv-201-TPB-AAS

USI INSURANCE SERVICES LLC
and USI ADVANTAGE CORP.,

    Defendants.
_____/

USI INSURANCE SERVICES LLC,

    Counter-Plaintiff,

v.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC.,

    Counter-Defendants.
_____/

## ORDER

        Counter-Defendant Southeast Series of Lockton Companies, LLC (Lockton) moves for a protective order or, in the alternative, to quash Counter-Plaintiff USI Insurance Services LLC's (USI) Subpoena to Testify at a

1

Deposition in a Civil Action and to Produce Documents to Lockton. (Doc. 113). (Doc. 106). USI opposes Lockton's motion. (Doc. 120).

In May 2023, the court entered a Case Management and Scheduling Order (CMSO) establishing various deadlines, including a discovery deadline of October 23, 2023, and a trial term commencing April 2, 2024. (*See* Doc. 72). On October 31, 2023—eleven days after the close of discovery—USI served a Rule 45 subpoena on Lockton. (*See* Doc. 113-8). The subpoena set November 16, 2023, as the date of compliance. (*Id.*).

Rule 16(b) of the Federal Rules of Civil Procedure "gives the district court the authority to set a scheduling order limiting the time to complete discovery." *Simpson v. State of Ala. Dept. of Human Resources*, 501 F. App'x 951, 956 (11th Cir. 2012) (citing Fed. R. Civ. P. 16(b)). Once entered, "[s]uch orders 'control the subsequent course of the action," *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998), and "may be modified only for good cause and with the judge's consent," *Simpson*, 501 F. App'x at 956 (citing Fed. R. Civ. P. 16(b)).[1] "A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1) and Fed.

---

[1] The Eleventh Circuit has "often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order." *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

R. Civ. P. 16(b)(4)). Neither good cause nor excusable neglect exists here to justify this late discovery.

The Middle District Discovery Handbook states that "[c]ounsel, by agreement, may conduct discovery after the formal completion date [for discovery] but should not expect the Court to resolve discovery disputes arising after the discovery completion date." Middle District Discovery § I.F. Courts in this District routinely deny discovery after the close of its deadline, even where the motion is directed at discovery produced after the discovery deadline under the parties' agreement. *See, e.g., El-Saba v. Univ. of S. Ala.*, 738 F. App'x 640, 645 (11th Cir. 2018) (per curiam) (affirming the denial of a motion to compel as untimely that "was filed almost two weeks after" discovery closed); *Gov't Emps. Ins. Co. v. Merced*, No. No. 8:20-cv-802-KKM-AAS, 2022 WL 218485, at *1 (M.D. Fla. Jan. 25, 2022) ("The parties' apparent agreement to continue discovery after the court's deadline does not make the motion timely."); *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-T-33CPT, 2019 WL 1773288, at *4–5 (M.D. Fla. Apr. 23, 2019) (overruling objections to the denial of a motion to compel brought approximately one month after the discovery deadline); *Eli Rsch., LLC v. Must Have Info., Inc.*, No. No. 2:13-cv-695-FtM-38CM, 2015 WL 4694046, at *2 (M.D. Fla. Aug. 6, 2015) (denying a motion to compel filed three days after the discovery deadline).

Accordingly, Lockton's motion for a protective order or, in the alternative, to quash USI's subpoena (Doc. 113) is **GRANTED** because USI served the subpoena after the court's discovery deadline.

**ORDERED** in Tampa, Florida on November 30, 2023.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge