UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATTHEW SIMMONS, SHEILA MURRAY, JACK MITCHELL, and EMILY CARTER,**

    Plaintiffs,

v.                                               Case No. 8:23-cv-201-TPB-AAS

**USI INSURANCE SERVICES LLC and USI ADVANTAGE CORP.,**

    Defendants.
_____/

**USI INSURANCE SERVICES LLC,**

    Counter-Plaintiff,

v.

**MATTHEW SIMMONS, JACK MITCHELL, and SOUTHEAST SERIES OF LOCKTON COMPANIES, LLC.,**

    Counter-Defendants.
_____/

## ORDER

Counter-Plaintiff USI Insurance Services LLC (USI) moves to reopen discovery to conduct two new depositions and reopen two other depositions based on the production of documents ordered by the court after an *in camera*

1

review. (Docs. 131, 151).[1] Counter-Defendants Southeast Series of Lockton Companies, LLC (Lockton SE), Matthew Simmons, and Jack Mitchell oppose USI's motion. (Docs. 143, 153).[2]

I. **BACKGROUND**

On January 25, 2023, several of USI's employees resigned and began work at Lockton SE on the same day. (Doc. 73, pp. 5–6). Lockton SE referred to the recruitment of employees as "Project Buccaneer." (*See* Doc. 131, p. 6). Former USI employees Matthew Simmons, Jack Mitchell, Sheila Murry, and Emily Carter sued USI in the Thirteenth Judicial Circuit for Hillsborough County requesting declaratory judgment that their USI employment agreements are void and unenforceable. (*See* Doc. 1-3). On January 27, 2023, USI removed the complaint to this court, and USI counterclaimed. (Docs. 1, 3). In its counterclaim, USI sued Mr. Simmons and Mr. Mitchell for breach of their employment agreements and fiduciary duties and sued Lockton SE for tortious interference by its inducement of the breach and for aiding and abetting the alleged breach of fiduciary duties. (*Id.*).

On August 11, 2023, USI moved the court to review *in camera* documents on Lockton SE's Amended Privilege Log. (Doc. 89). The court reviewed forty

---

[1] Sealed Doc. 151 is the unredacted version of Doc. 131.

[2] Sealed Doc. 153 is the unredacted version of Doc. 143.

documents selected by USI and ordered Lockton SE to produce eighteen of the forty documents but later reduced that number to seventeen documents. (*See* Docs. 102, 110). Lockton SE produced these seventeen documents and others between October 24, 2023 and November 10, 2023. (*See* Docs. 102, 110). The parties' discovery deadline was October 23, 2023 (Doc. 72). The October 20, 2023 order addressing the production required after the *in camera* review reminded the parties that the October 23 deadline was not extended and explained "this limited discovery is permitted past the deadline for purposes of the court's continued *in camera* review and resolution of this document production dispute." (Doc. 102, p. 10).

In the instant motion, filed over one month later, USI contends the compelled documents provide new information relevant to its claims, and it would be unfairly prejudiced by its inability to take deposition testimony from the authors of these documents. (Docs. 131, 151). Specifically, USI requests leave to: (1) continue the depositions of Anand Shelat, Vice President of Financial Planning and Analytics at Lockton SE, and Hiram Marrero, Global Growth Officer of Lockton SE's parent company (Lockton Parent); and (2) depose Troy Cook, Global Chief Financial Officer of Lockton Parent, and John Davis, Vice President and Director of Series Finance of Lockton Parent, to address new matters related to the documents compelled after the court's *in*

3

*camera* review. (*Id.*).

Counter-Defendants oppose USI's request to reopen discovery to take four additional depositions. (Docs. 143, 153). They argue USI had knowledge of this "new" information before the close of discovery and cannot demonstrate good cause or excusable neglect in requesting leave to conduct these depositions after the close of discovery and within months of trial. (*Id.*).

## II. ANALYSIS

"A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1) and Fed. R. Civ. P. 16(b)(4)). To establish "good cause," the party moving to reopen discovery must show that the court's already-expired scheduling order deadline could not be met despite the party's "diligence." *See Id.* A moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline. *See Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09-cv-225, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010).

The "excusable neglect" standard is "more rigorous" than the "good cause" standard. *See Hughley v. Lee County, Ala.*, No. 3:15-CV-126, 2015 WL

4094461, at *1 (M.D. Ala. June 9, 2015). In determining whether a party has shown excusable neglect, courts consider "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *EarthCam.*, 703 F. App'x at 813 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Primary importance is accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). The Eleventh Circuit has "often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order." *See Ashmore*, 503 F. App'x at 685.

The documents Lockton SE produced to USI as a result of the court's *in camera* review orders consisted of: (1) thirty-six communications between outside counsel and the plaintiffs about scheduling meetings; (2) eight internal communications about scheduling meetings; (3) nine internal communications transmitting financial models and scheduling meetings to discuss those models; (4) five communications between the plaintiffs and Lockton SE,

5

including Mr. Simmons and Mr. Mitchell's term sheets; (5) four redacted financial models; and (6) one junk attachment to an email. (*See* Docs. 102, 111; Doc. 143-1, ¶ 20). USI claims these compelled documents contain "new" information about a "loan" Lockton SE obtained from Lockton Parent and information about Lockton Parent's employees review of the financial models Lockton SE prepared, namely, Mr. Davis, Mr. Cook, and Mr. Marrero. (*See* Docs. 143, 153)

Discovery began on February 24, 2023, when the court ordered the parties to commence expedited discovery. (Doc. 36). As early as March 2023, Lockton SE produced documents that identified Mr. Davis and Mr. Cook as recipients of financial modeling information. For example, the March 22, 2023 production from Lockton SE contained redacted financial models that were emailed from Mr. Shelat to Mr. Davis and Mr. Cook, among other Lockton SE and Lockton Parent employees.[3] (*See* Doc. 143-1, ¶ 22; Doc. 153-1). On March 30, 2023, Manoj Sharma, Lockton SE's Chief Operating Officer, testified he discussed Lockton SE's financing with Mr. Davis. (Doc. 143-1, ¶ 23; Doc. 153-2, pp. 68:13–70:16; 71:2–71:20; 72:8–74:7). Mr. Sharma testified again on April 12, 2023 at the evidentiary hearing on USI's motion for preliminary injunction

---

[3] On June 29, 203, Lockton SE also produced several virtual meeting invitations regarding "Project Buccaneer" to employees of both Lockton SE and Lockton Parent. (*See* Doc. 143-1, ¶ 24, Doc. 153-3).

6

that Lockton SE secured a loan from Lockton Parent to finance "Project Buccaneer." (*See* Doc. 76, p. 129:8–18).

Almost two months after the close of discovery and with the summary judgment motions fully briefed, USI now requests that this court permit it to take four additional depositions, including an apex deposition,[4] on matters irrelevant to the legal issues before the court on summary judgment and unnecessary for this action to fairly proceed to trial. USI can show neither the good cause nor excusable neglect necessary for the court to reopen discovery to depose Mr. Cook, Mr. Davis, and to reopen the depositions of Mr. Marrero and Mr. Shelat. *See Sweet v. Lockheed Martin Corp.*, No. 1:08-CV-2094-WBH-SSC, 2009 WL 10664952, at *3 (N.D. Ga. Aug. 21, 2009) (denying motion to reopen discovery where movant did not dispute they "had the opportunity to take the depositions . . . during the [] discovery period but chose not to do so"); *see also In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-MD-2885, 2021 WL 6327368, at *2 (N.D. Fla. Aug. 19, 2021) (holding the plaintiffs would be

---

[4] The request to depose Mr. Cook is further complicated by the apex doctrine. *See, e.g.*, *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527, 529 (S.D. Fla. 2015) (granting protective orders and precluding depositions of CEO and general counsel); *Skytruck Co., LLC v. Sikorsky Aircraft Corp.*, No. 2:09-CV-267-FTM-99SPC, 2011 WL 13141023, at **1–2 (M.D. Fla. May 11, 2011) (granting protective order and precluding deposition of President and CFO). Mr. Cook is the Global Chief Financial Officer, and a Board Member for Lockton, Inc. USI has not established Mr. Cook has any unique knowledge of the facts at issue or information that could not be obtained by other less intrusive means.

prejudiced by the costs and burdens of preparing for and taking a deposition out of time in the middle of preparing for trial, and "[t]his alone is a sufficient basis to deny Defendants' motion").

### III. CONCLUSION

USI's motion to reopen discovery to conduct limited depositions based on production of *in camera* documents (Docs. 131, 151) is **DENIED**.

**ORDERED** in Tampa, Florida on January 25, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge