UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SIMMONS, SHEILA
MURRAY, JACK MITCHELL,
JACKIE RODRIGUEZ, MADISON
LIEFFORT, and EMILY CARTER,

    Plaintiffs,                              CASE NO. 8:23-cv-201-TPB-AAS

vs.

USI INSURANCE SERVICES, LLC, a
foreign limited liability company and
USI ADVANTAGE CORP., a foreign
corporation,

    Defendants.
_____/

USI INSURANCE SERVICES LLC,

    Counter-Plaintiff,

vs.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC,

    Counter-Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT
PREJUDICE USI'S MOTION TO HAVE THE FINAL
JUDGMENT INCLUDE PUNITIVE DAMAGES**

This matter is before the Court on "USI Insurance Services, LLC's Motion to Have the Final Judgment Include Punitive Damages," filed on January 16, 2024. (Doc. 158). Counterdefendants filed a response in opposition on January 20, 2024. (Doc. 173).

USI seeks a ruling that its failure to specifically include a prayer for punitive damages in its counterclaim does not preclude USI from seeking punitive damages at trial. The Court agrees with USI that a specific prayer for punitive damages is not necessary. *See Scutieri v. Paige*, 808 F.2d 785 (11th Cir. 1987). In *Scutieri*, the Eleventh Circuit noted that under Rule 54(c), "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *Id*. at 792. Accordingly, *Scutieri* held "[i]f the complaint alleges conduct that would support a claim for punitive damages, and if evidence is presented creating a jury question on such relief, the judge commits reversible error in not instructing on that issue." *Id*.

Although the better practice under the federal rules would have been to make a specific request for the award of punitive damages, USI's counterclaim is sufficient under the standard set forth in *Scutieri*.[1] The counterclaim alleges tortious interference, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and conspiracy, all intentional torts. It also alleges that "[t]he Departing Producers' breach of the Agreements, in concert with Lockton, was willful, malicious, and undertaken in bad faith." (Doc. 3 at ¶ 68). While a "willful" and "malicious" breach of contract is simply a breach of contract, USI incorporates this allegation of willfulness and malice by reference into each of the intentional tort counts. In addition, in Count IV, asserting tortious interference on the part of

---

[1] This contrasts with the practice in Florida state courts, where a plaintiff is not permitted to include a request for punitive damages in the complaint without first seeking leave of court. *See* § 768.72(1), *F.S.*

Lockton, USI alleges that Lockton knew about Simmons and Mitchell's contractual obligations and "willfully engaged in wrongful conduct" to induce them to breach their obligations to USI. (*Id.* at ¶ 83). Count VI, asserting a claim for conspiracy, alleges that Simmons, Mitchell, and Lockton acted "with malice and intent to deprive USI of its lawful interest in its various agreements and to significantly cause USI financial damage." (*Id.* at ¶ 89). Under the rule stated in *Scutieri*, the counterclaim is sufficient to allow USI to seek punitive damages at trial.

Counterdefendants attempt to distinguish *Scutieri* on its facts because the allegations of the complaint in that case expressly referenced "punitive damages" even if the prayer for relief did not. That is true but irrelevant because the rule of law stated by *Scutieri* focuses on whether the facts pleaded make out a case for punitive damages, not on whether the specific words "punitive damages" are found somewhere in the complaint. Counterdefendants also cite the unreported decision in *AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 813 F. App'x 403, 409 (11th Cir. 2020), but that case addressed only whether the district court abused its discretion in denying a motion for leave to amend to add punitive damages under the "good cause" standard of Rule 16(b). It did not discuss *Scutieri* or whether the requested amendment was required in the first place. Disallowing an amendment does not necessarily entail disallowing punitive damages. *See Harris v. Wingo*, No. 2:18-cv-17-FtM-29MRM, 2021 WL 7501793, at *2 (M.D. Fla. Oct. 19, 2021) (holding that the plaintiff failed to show good cause for amendment to add punitive damages

but that such an amendment would be unnecessary because the complaint alleged behavior that could be characterized as "malicious, wanton, and willful conduct.")

Counterdefendants argue they will be prejudiced if the Court allows USI to pursue punitive damages, because it would "belatedly open a whole new front of litigation—and without giving Counter-Defendants enough time to defend it." However, they point to no specifics to support this broad assertion. They note that discovery is now closed and no one took discovery on punitive damages but fail to explain what discovery they would have sought had the complaint expressly referred to "punitive damages." Accordingly, the Court declines to rule out punitive damages at trial based on Counterdefendants' procedural arguments.

To the extent USI seeks a ruling that the issue of punitive damages will be submitted to the jury, it is denied without prejudice as premature. While USI's punitive damage claim is not procedurally barred, it remains to be seen what evidence will be presented at trial. Without prejudging the issue, the Court notes that under Florida law, making out a jury case on punitive damages "is an extraordinarily high bar" to meet. *Nunez v. Coloplast Corp.*, 461 F. Supp. 3d 1260, 1269 (S.D. Fla. 2020). Proof that a defendant committed an intentional tort is not by itself sufficient. *Bistline v. Rogers*, 215 So. 3d 607, 609-11 (Fla. 4th DCA 2017). The conduct shown must not only be intentional, but "egregious and sufficiently reprehensible to rise to the level of truly culpable behavior deserving of punishment." *Id.* at 609. Moreover, under § 768.72(2), *F.S.*, the requisite showing must be made by clear and convincing evidence. This standard requires that the

"evidence must be credible; the memories of the witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy." *Davis v. Little Giant Ladder Sys., LLC*, No. 2:19-cv-780-SPC-NPM, 2022 WL 657062, at *8 (M.D. Fla. Mar. 4, 2022) (quoting *Owens-Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483, 486 n.4 (Fla. 1999)).  The weight of the evidence must be such that "it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established." *Slomowitz v. Walker*, 429 So. 2d 797, 800 (Fla. 4th DCA 1983).

Accordingly, it is

**ORDERED**, **ADJUDGED, and DECREED** that:

1. "USI Insurance Services, LLC's Motion to Have the Final Judgment Include Punitive Damages" (Doc. 158) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**, as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of June, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE