UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SIMMONS, SHEILA
MURRAY, JACK MITCHELL,
JACKIE RODRIGUEZ, MADISON
LIEFFORT, and EMILY CARTER,

    Plaintiffs,                                   CASE NO. 8:23-cv-201-TPB-AAS

vs.

USI INSURANCE SERVICES, LLC, a
foreign limited liability company and
USI ADVANTAGE CORP., a foreign
corporation,

    Defendants.
_____/

USI INSURANCE SERVICES LLC,

    Counter-Plaintiff,

vs.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC,

    Counter-Defendants.
_____/

**ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS IN LIMINE**

This matter is before the Court on various motions in limine filed by

Counterdefendants Matthew Simmons, Jack Mitchell, and Southeast Series of

Lockton Companies, LLC ("Lockton") on March 4, 2024, and by Counterplaintiff

USI Insurance Services, LLC, on March 11, 2024. (Docs. 175; 176; 177; 184). The

Page 1 of 9

parties filed responses in opposition to the motions on March 18, 2024, and March 25, 2024.  (Docs. 200; 205).  The Court heard argument on the motions at a hearing on March 18, 2024.  (Docs. 203; 206).   This order memorializes and expands on the Court's statements and rulings at the hearing.

In the Court's view, motions in limine are appropriate principally in situations where merely referring to an issue or an item of evidence ultimately ruled to be inadmissible, or merely putting a question to a witness, may cause prejudice that cannot be cured by a contemporaneous objection and ruling on admissibility and an instruction to the jury if necessary.  *The Court is doubtful that any of the categories of information raised by the parties in these motions fall into this category.*  Accordingly, as set forth below, to the extent that the motions seek an advance ruling excluding evidence, they are largely denied.  The rulings below, however, are without prejudice to the raising of objections during trial where the Court will be in a better position to assess the objections in the context of the evidence as a whole.  The following rulings are based on Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") and Fed. R. Evid. 611 ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:  (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time. . .")

### *Counterdefendants' Motions in Limine*

The motions in limine filed by Counterdefendants Matthew Simmons, Jack Mitchell, and Lockton (Docs. 175; 176; and 177) are granted in part and denied in part, as follows:

<u>Misappropriation of Confidential Information</u>

Testimony and argument regarding any alleged misappropriation of confidential information by Simmons, Mitchell, or the non-producer employees is generally admissible but may be limited by objection at trial, if appropriate.

<u>Breach of Contract by Non-Producer Employees</u>

Evidence and argument suggesting that the non-producer employees breached their contracts with USI is generally admissible but may be limited by objection at trial, if appropriate.

<u>Non-Producer Employees' Failure to Give Notice</u>

Testimony and argument suggesting the non-producer employees should have given notice to USI before resigning is generally admissible but may be limited by objection at trial, if appropriate, and it may be argued, if appropriate, that no such notice was required.

<u>Internal Lockton Agreements</u>

Limited evidence and argument regarding the terms of any agreements between Lockton and its producers and associates is admissible to the extent that the evidence may assist the jury in understanding the general business

environment giving rise to this case, but may be subject to further limitation at trial.

### Filing of the Complaint for Declaratory Judgment

To assist the jury in understanding the nature and context of this dispute the Court will allow limited testimony concerning general background information including the filing of the complaint for declaratory judgment. Because this information has limited relevance, general witness testimony and limited documentary evidence will be permitted. Overly specific or detailed factual information will not be permitted.

### Departing Employees' Retention of Legal Counsel

To assist the jury in understanding the nature and context of this dispute the Court will allow limited testimony concerning general background information including the fact that Simmons, Mitchell, and non-producer employees retained legal counsel. Because this information is only tangentially relevant as background, it will be limited to general witness testimony; documentary evidence or overly specific or detailed factual information will not be permitted. Furthermore, USI will not be permitted to inquire as to the substance of any discussions between counsel and parties or the substance of any legal advice and the like. References to retaining counsel as being in some way "improper" may be inadmissible depending on the context and specific nature of the argument. Counsel should make a timely objection if this matter arises during trial and the Court will make a ruling after hearing the question or argument in context.

### Lockton Providing Legal Counsel

To assist the jury in understanding the nature and context of this dispute the Court will allow limited testimony concerning general background information including the fact that Lockton provided legal counsel.  Because this information has limited relevance, general witness testimony and limited documentary evidence will be permitted.  Overly specific or detailed factual information will not be permitted.

### Lockton Providing Indemnification

To assist the jury in understanding the nature and context of this dispute the Court will allow limited testimony concerning general background information including the fact that Lockton provided indemnification.  Because this information has limited relevance, general witness testimony and limited documentary evidence will be permitted.  Overly specific or detailed factual information will not be permitted.

### Negative Inference Based on the Assertion of Attorney-Client Privilege

Arguments raising negative inferences against Counterdefendants based on their assertion of attorney-client and work-product privileges are generally not permitted.  However, under the facts of this particular case, it is conceivable that this general prohibition may not be appropriate.  It is impossible for the Court to make a pre-trial "bright line" ruling without first hearing the proposed questions

and answers. Counsel should make a timely objection if this matter arises during trial and the Court will make a ruling after hearing the question or argument in context.

### Other Litigation or "Lift Outs"

To assist the jury in understanding the nature and context of this dispute the Court will allow limited testimony concerning general background information including other litigation involving similar factual scenarios. Because this information is only tangentially relevant as background, it will be limited to general witness testimony; documentary evidence or overly specific or detailed factual information will not be permitted.

### Hearsay

Hearsay is generally inadmissible pursuant to the Federal Rules of Evidence. That having been said, there is no reason for the Court to enter an order simply directing the parties to follow the Federal Rules of Evidence – they are required to do that.

### Orders from Other Litigation

Court orders and documents from other litigation involving other parties is generally inadmissible. As previously noted, the Court will allow limited testimony concerning general background information including other litigation involving similar factual scenarios. Because this information is only tangentially relevant as background, it will be limited to general witness testimony; documentary evidence,

including orders from other litigation, or overly specific or detailed factual information will not be permitted.

### *USI's Omnibus Motion in Limine*

"USI's Omnibus Motion in Limine" (Doc. 184) is granted in part and denied in part, as follows:

<u>Other Litigation</u>

To assist the jury in understanding the nature and context of this dispute the Court will allow limited testimony concerning general background information including other litigation involving similar factual scenarios. Because this information is only tangentially relevant as background, it will be limited to general witness testimony; documentary evidence or overly specific or detailed factual information will not be permitted.

<u>Settlement Discussions</u>

The substance of settlement discussions between the parties in this case are generally excluded, but if the door is opened at trial, settlement discussions may become admissible.

<u>Lockton and USI Ownership Structure</u>

General information about the ownership structure of USI and Southeast Series of Lockton Companies, LLC, is admissible, but may be limited by objection at trial.

Other Indemnification Offers

To assist the jury in understanding the nature and context of this dispute the Court will allow limited testimony concerning general background information including offers by other insurance brokerages to indemnify Simmons and accept business from restricted accounts. Because this information has limited relevance, general witness testimony and limited documentary evidence will be permitted. Overly specific or detailed factual information will not be permitted. Evidence may be further limited based on the discovery provided.

USI's Alleged Lack of Resources

Testimony and evidence about USI's alleged "lack of resources" is generally admissible but should not be a feature and may be limited at trial.

Cardew/Goding Book of Business

References to the Cardew/Goding book of business may be made in cross-examination only, but the Court may permit further evidence if appropriate.

Testimony of Ben Greer

Ruling on possible testimony of Ben Greer is deferred.

"Voluntary" Post-Injunction Actions

Based on the parties' agreement, Counterdefendants will not describe compliance with the Court's preliminary injunction order as "voluntary."

Simmons' Health

References to Matthew Simmons' health are generally admissible, but the extent to which the health issues are discussed may be limited at trial. Other

witnesses generally cannot testify about Simmons' health conditions unless Simmons' testimony about his health conditions is challenged at trial.

It is therefore

**ORDERED**, **ADJUDGED, and DECREED** that:

1.  The parties' respective motions in limine (Docs. 175; 176; 177; 184) are **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of June, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE