UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SIMMONS, SHEILA
MURRAY, JACK MITCHELL,
JACKIE RODRIGUEZ, MADISON
LIEFFORT, and EMILY CARTER,

    Plaintiffs,                                       CASE NO. 8:23-cv-201-TPB-AAS

vs.

USI INSURANCE SERVICES, LLC, a
foreign limited liability company and
USI ADVANTAGE CORP., a foreign
corporation,

    Defendants.
_____/

USI INSURANCE SERVICES LLC,

    Counter-Plaintiff,

vs.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC,

    Counter-Defendants.
_____/

**ORDER DENYING MOTION TO EXCLUDE**
**EVIDENCE OF COMMUNICATIONS WITH COUNSEL**

The "Motion to Exclude Evidence of Simmons's and Mitchell's Communications with Counsel" filed by Counterdefendants Matthew Simmons and Jack Mitchell (Doc. 253) is denied. Counterdefendants argue that evidence has been presented at trial that they consulted with counsel provided by Lockton at

various points leading up to their departure from USI. They contend that USI has insinuated that Lockton provided counsel in order to orchestrate Simmons' and Mitchell's departure and complain that they cannot rebut this insinuation without revealing privileged information. They ask the Court to (1) preclude further evidence of the same sort, (2) strike the evidence allowed so far, and (3) give a curative instruction.

The Court is not persuaded. Counterdefendants do not argue that USI has gone beyond the limits allowed by the Court's ruling on Counterdefendants' motion in limine on this same issue. *See* (Doc. 228). They point to no specific testimony nor to any example of an improper insinuation by USI or by any witness. And they point to no instance in which USI has attempted to elicit privileged information or in which a witness has invoked the privilege.

Finally, the fact is, Lockton *did* provide and pay for counsel to advise Simmons and Mitchell in connection with their move from USI to Lockton, and they took advantage of this benefit. This fact is relevant to USI's claims that Lockton aided and abetted breaches of fiduciary duty by enabling a course of action involving such breaches to occur. This relevance exists regardless of the substance of any attorney-client communications or any inferences about the substance of those communications. The involvement of counsel Lockton provided to Simmons and Mitchell is part of the story, and the jury is entitled to hear about it, at least to an extent. Counterdefendants have failed to show that USI has done anything impermissible in its presentation of evidence to this point. Accordingly, the motion

is **DENIED.** Counterdefendants may request a jury instruction relating to this issue to be given as part of the Court's final instructions to the jury.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of July, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE