UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:23-cv-00201-TPB-AAS

MATTHEW SIMMONS, SHEILA MURRAY,
JACK MITCHELL, JACKIE RODRIGUEZ,
MADISON LIEFFORT, AND EMILY CARTER,

   Plaintiffs,

vs.

USI INSURANCE SERVICES, LLC, a foreign
limited liability company and USI ADVANTAGE
CORP., a foreign corporation,

   Defendants.
_____/

USI INSURANCE SERVICES LLC,

   Plaintiff,

vs.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC.,

   Defendants.
_____/

## NOTICE OF FILING OF PROPOSED INSTRUCTIONS

DefendantS Southeast Series of Lockton Companies, LLC, Matthew Simmons, and Jack Mitchell hereby file four proposed jury instructions. The instructions are attached to this notice.

Dated: July 15, 2024

    Respectfully submitted,

    By: */s/ Lyle Shapiro*

**Lyle Shapiro, Esq.**
Fla. Bar No. 120324
**HERSKOWITZ SHAPIRO, PLLC**
9130 S. Dadeland Boulevard
Suite 1609, Miami, FL 33156
Email: lyle@hslawfl.com
**Nicola Gelormino, Esq.**
Fla. Bar No. 91432
**GELORMINO LAW, P.A.**
9130 S. Dadeland Blvd., Ste. 1609
Miami, FL 33156
Email: nicola@gelorminolawpa.com
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*s/ Lyle Shapiro*

## PROPOSED INSTRUCTION NO. 42
## [CONTESTED]

<u>PREPARING TO COMPETE</u>

Employees do not breach their fiduciary duties when they make preparations to compete with their current employer. An employee may lawfully prepare to compete by interviewing with competing businesses, establishing a rival business, or preparing to establish a rival business (including by opening a bank account and securing office space). Employees also have no duty to disclose their plans to compete.

<u>Authority</u>: *Harllee v. Pro. Serv. Indus., Inc.*, 619 So. 2d 298, 300 (Fla. Dist. Ct. App. 1992) ("mere preparation to open a competing business does not violate the employee's duty of loyalty and does not constitute tortious interference. . . . Opening a bank account and obtaining office space and telephone service are acts of mere preparation and do not constitute intentional interference with a business relationship."); *New World Fashions, Inc. v. Lieberman*, 429 So.2d 1276, 1277 (Fla. Dist. Ct. App. 1983) ("the agent is entitled to make arrangements to compete prior to the agency's termination and the agent has no duty to disclose such plans"); *Fish v. Adams*, 401 So. 2d 843, 845 (Fla. Dist. Ct. App. 1981) ("an employee does not violate his duty of loyalty when he merely organizes a corporation during his employment to carry on a rival

business after the expiration of his employment"; "the planning of a competing business is not ipso facto a breach of an employee's duty of loyalty"—"[n]or is notification to customers through advertisement"); *Ecolab, Inc. v. Harris*, 2023 WL 7131842, at *2 (N.D. Fla. Oct. 6, 2023) (dismissing breach-of-fiduciary-duty claim against former employee because the plaintiff had not shown that the former employee "'devised a scheme'" to steal the plaintiff's business on behalf of his new employer).

# PROPOSED INSTRUCTION NO. 43
# [CONTESTED]
## NO NEGATIVE INFERENCE FROM RETENTION OF COUNSEL OR COMMUNICATIONS WITH COUNSEL

It is not wrongful for parties to hire lawyers for themselves or for others, or for parties to communicate with those lawyers. Those communications are protected by the attorney-client privilege. You may not draw any inferences, negative or positive, because a party asserted the attorney-client privilege to protect its communications.

You may not conclude any defendant acted wrongfully by retaining, paying for, or communicating with counsel. Nor may you conclude any defendant acted wrongfully by seeking legal advice from attorneys and not revealing the contents of communications with those attorneys.

Authority: *Anheuser-Busch, Inc. v. A-B Distributors, Inc.*, 1996 WL 34719787, at *1 (M.D. Fla. Apr. 4, 1996) ("[I]t is improper to allow the jury to draw a negative inference from the assertion of attorney-client privilege."); *Datapoint Corp. v. Picturetel Corp.*, 215 F.3d 1344, 1344 (Fed. Cir. 1999) ("A jury should not be invited or instructed to draw a negative inference from a proper invocation of the attorney-client privilege."); *Parker v. Prudential Insurance Co. of America*, 900 F.2d 772, 775 (4th Cir. 1990) ("a client asserting the privilege should not face a negative inference about the substance of the

information sought"); *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC*, 2015 WL 1204975, at *2 (D. Kan. Mar. 17, 2015) ("plaintiff cannot circumvent its inability to rely on defendants' retention of counsel by pointing to the sheer volume of privileged communications, as such evidence would still create the impermissible choice for defendants between revealing privileged communications and suffering the adverse infer").

## PROPOSED INSTRUCTION NO. 44
## [CONTESTED]

<u>TORTIOUS INTERFERENCE—LIMITING INSTRUCTION</u>

The Court has already decided that Lockton Southeast did not tortiously interfere with the following provisions in Simmons's or Mitchell's employment agreements with USI:

60 day notice provision;

Non-acceptance of clients provision;

Non-solicitation of clients provision; and

Non-solicitation of employees provision.

You therefore may not find Lockton Southeast liable for tortious interference on the theory that it was somehow wrongful for Lockton Southeast to accept former USI clients or hire former USI employees, or that Lockton Southeast encouraged Simmons or Mitchell to violate their contractual obligation not to solicit USI customers or to resign without giving 60 days' notice.

<u>Authority</u>: Dkt. 225 at 6-10.

## PROPOSED INSTRUCTION NO. 45
## [CONTESTED]

<u>INDEMNIFICATION—LIMITING INSTRUCTION</u>

You have heard that Lockton Southeast, among other insurance brokers, agreed to indemnify Simmons and Mitchell.  It is not wrongful for one party to agree to indemnify another.  You may not consider any indemnification agreement in deciding whether any Defendant is liable or owes any damages, or the amount of damages (if any) to award.

<u>Authority</u>: *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se.*, LLC, 901 F.3d 1294, 1302 (11th Cir. 2018) (ruling that defendant "had a right to assert its indemnity [and] [t]herefore, it was not a wrongful act"); *Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994) ("It has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction."); *Griffin v. Hilke*, 804 F.2d 1052, 1058 (8th Cir. 1986) (jury's awareness of indemnification "could result in an overly generous award of damages").