UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

USI INSURANCE SERVICES LLC,

     Plaintiff,

v.                             Case No.: 8:23-cv-201-TPB-AAS

MATTHEW SIMMONS,
JACK MITCHELL,
and SOUTHEAST SERIES OF
LOCKTON COMPANIES, LLC,

     Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

July 18, 2024

_____

Tom Barber
United States District Judge

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After these instructions, the lawyers will present their closing arguments. I will then have one brief final instruction for you, and you will then go to the jury room and begin your deliberations.

## INTRODUCTION TO CLAIMS

To help you follow the evidence, I'll summarize the parties' positions and some decisions that were made before trial.

As you have heard during this trial, this case involves a dispute among two insurance brokerage companies and two individuals. The two companies, USI Insurance Services LLC, which has usually just been referred to as "USI", and Southeast Series of Lockton, which has usually just been referred to as "Lockton" or "Lockton Southeast," are direct competitors. USI and Lockton do not provide insurance coverage to their clients. Instead, they assist their clients in obtaining insurance coverage from insurance carriers, and they receive commissions or other fees for this work.

The two individuals are Matthew Simmons and Jack Mitchell. Simmons and Mitchell work as insurance brokerage producers,

meaning they find new clients, manage client relationships, and handle clients' insurance related needs while employed by an insurance brokerage. Simmons and Mitchell have sometimes been referred to as the "Producers" in this case.

Simmons and Mitchell worked as producers at USI until January 25, 2023, when they resigned and began working as producers for Lockton. Both Simmons and Mitchell had contractual agreements with USI related to their employment. During the trial, these might have been referred to as "employment agreements" or the "USI Agreements."

When the Producers left USI's employment, they, along with others, filed a lawsuit, sometimes referred to as a Declaratory Judgment action, asking the Court to determine the validity of the employment agreements. USI filed a countersuit alleging that actions the Producers took before and after leaving USI breached those agreements. I have determined that the employment agreements were valid and enforceable, and you will not be considering that matter. This trial has been only about USI's claims.

USI is the plaintiff in this trial, meaning it is the party that brought this lawsuit. The Producers and Lockton are the Defendants,

meaning they are the parties that have been sued. USI has brought four different legal claims based on the events you have heard about during this trial: (1) breach of contract; (2) breach of fiduciary duty; (3) aiding and abetting breach of fiduciary duty; and (4) tortious interference.

First, USI claims that Simmons and Mitchell breached certain parts of their employment agreements. You should note that this breach of contract claim is only between USI and the Producers; there was no contract between USI and Lockton. The Court has already determined that the Producers breached certain parts of their employment agreements. For those breach of contract claims, you will only be asked to determine whether any damages were caused by the breaches and, if so, the amount of damages. For other breach of contract claims, you will be required to determine whether a breach occurred, and what amount of damages, if any, may have been caused by any breaches.

Second, USI claims that Simmons and Mitchell breached fiduciary duties owed to USI. You should note that this claim is brought by USI

only against the Producers because Lockton does not owe any fiduciary duties to USI.

Third, USI claims that Lockton aided and abetted the Producers' alleged breaches of fiduciary duty.

Fourth, USI claims that once the Producers left USI and began working for Lockton, Lockton tortiously interfered with certain contractual obligations that remained in force between the Producers and USI by inducing them to breach these obligations.

USI is asking for a judgment awarding it damages from Lockton and the Producers.

Lockton and the Producers deny USI's allegations. Lockton and the Producers also deny that USI's alleged damages were caused by any wrongful conduct by them and dispute the calculation of damages sought by USI.

I will now explain the law you must apply in greater detail.

## BREACH OF CONTRACT
### ELEMENTS
(Against Simmons and Mitchell)

USI has brought a claim of breach of contract against Simmons. USI has also brought a separate claim of breach of contract against Mitchell. You must consider the elements indicated below separately for Simmons and for Mitchell. If USI fails to prove any element by a preponderance of the evidence with respect to Simmons or to Mitchell, then you must find in favor of that Defendant.

To prevail on a claim of breach of contract against Simmons/Mitchell, USI must prove all the following elements by a preponderance of the evidence:

(1) USI and Simmons/Mitchell entered into a contract.

(2) USI did all, or substantially all, of the essential things that the contract required it to do, and/or that it was excused from doing those things;

(3) Simmons/Mitchell breached the contract by failing to do something that the contract required him to do, or by doing something that the contract prohibited him from doing; and

(4) Simmons'/Mitchell's breach was a legal cause of damage to USI.

In determining whether a breach of contract was a legal cause of damage to USI, you should refer to a separate instruction below titled "Legal Cause of Loss or Damage."

## BREACH OF CONTRACT
## NATURE OF BREACH

The Court has already determined that elements (1) and (2) have been established as to both Simmons and Mitchell on all breach of contract claims, and you must accept that determination. The Court has also determined that element (3) above has been established as to some but not all of the breach of contract claims. Thus, for some breach of contract claims, you will be determining whether elements (3) and (4) above have been proven by a preponderance of the evidence. For other breach of contract claims, you will be determining only whether element (4) above has been proven by a preponderance of the evidence.

The specific terms of the employment agreements that are involved in this case are as follows:

Sixty Day Notice

Simmons and Mitchell were required to give 60 days' notice before resigning from USI. The Court has already determined that both Simmons and Mitchell breached this term, which means element (3) in the instruction above has been established with respect to this term of the agreement, and you must accept that determination. However, element (4) in the instruction above is for you to determine – whether

the breach was a legal cause of damage to USI.  If you determine that the breach was a legal cause of damage to USI, you must then determine the amount of damages, if any, caused by this breach.

### Solicitation, Diversion, or Inducement of USI Customers

Simmons and Mitchell were not permitted to directly or indirectly solicit, or attempt to solicit, or to divert or attempt to divert, customers doing business with USI on behalf of any USI competitor.   Simmons and Mitchell were also not permitted to directly or indirectly induce the termination, cancellation, or non-renewal of services of customers doing business with USI on behalf of any USI competitor.

The Court has already determined that Simmons' notifying customers doing business with USI that he was leaving USI's employment to go to Lockton, while simultaneously failing to provide USI with notice he was  leaving, constituted a breach of the foregoing provisions.  The Court has made a similar determination that Mitchell notified one customer that he was leaving USI's employment to go to Lockton.  Accordingly, element (3) in the instruction above has been established with respect to solicitation, diversion, or inducement of any such customers, and you must accept that determination.

However, element (4) in the instruction above is for you to determine – whether the breaches were a legal cause of damage to USI. If you determine that the breach was a legal cause of damage to USI, you must then determine the amount of damages, if any, caused by this breach.

<u>Accepting a Request to Provide Future Services to USI Customers</u>

Simmons and Mitchell were not permitted to directly or indirectly accept a request to provide future services or accept a Broker of Record Letter from former USI customers.  You must determine whether this provision was breached – element (3) in the instruction above.  You must also determine whether the breach was a legal cause of damage to USI – element (4) in the instruction above.  If you determine that the breach was a legal cause of damage to USI, you must then determine the amount of damages, if any, caused by this breach.

<u>Providing Services to Former USI Customers</u>

Simmons was not permitted to directly or indirectly provide services to former USI customers on behalf of any USI competitor.  You must determine whether this provision was breached – element (3) in the instruction above.  You must also determine whether the breach

was a legal cause of damage to USI – element (4) in the instruction above.  If you determine that the breach was a legal cause of damage to USI, you must then determine the amount of damages, if any, caused by this breach.  There is no claim against Mitchell for directly or indirectly providing services to former USI customers on behalf of any USI competitor.

Solicitation of Employees

Simmons was not permitted to directly or indirectly solicit USI employees or otherwise induce them to leave their employment with USI on behalf of any USI competitor.

As to Simmons, the Court has already determined that his communications with Sheila Murray, Jackie Rodriguez, and Emily Carter regarding his plan to leave USI for Lockton constituted direct or indirect solicitations or inducements for these employees to leave their employment with USI, which means element (3) in the instruction above has been established, and you must accept that determination as to this term of the employment agreement and as to these three individuals.  But with respect to Madison Lieffort, Chris Kakish, and Theresa Kemp, you must determine whether Simmons' communications

with these employees constituted direct or indirect solicitations or inducements for these employees to leave their employment with USI. With respect to the breaches found by the Court to have occurred, and any additional breaches which you determine occurred, element (4) in the instruction above is for you to determine – whether the breach was a legal cause of damage to USI. If you determine that a breach was a legal cause of damage to USI, you must then determine the amount of damages, if any, caused by that breach. There is no claim against Mitchell for solicitation of employees.

## BREACH OF CONTRACT
## SOLICITATION, DIVERSION, INDUCEMENT

As used in these instructions, to "solicit" means to ask for or seek something from someone.  To "divert" means to turn a person or thing aside from one course or direction to another.  To "induce" means to cause a person to choose one course of conduct rather than another.

# BREACH OF FIDUCIARY DUTY
## (Against Simmons and Mitchell)

USI claims that Simmons and Mitchell breached a fiduciary duty he owed to USI, and that USI was damaged as a result. A fiduciary duty exists when one party puts its trust in a second party to protect its financial or property interests, secrets, confidences, or private information, and the second party accepts that trust. Employees owe their employers fiduciary duties, and as employees of USI, both Simmons and Mitchell owed fiduciary duties to USI during the time they were employed by USI but not after.

You must consider the elements indicated below separately for Simmons and for Mitchell. If USI fails to prove any element by a preponderance of the evidence with respect to Simmons or to Mitchell, then you must find in favor of that Defendant.

To prevail on a claim of breach of fiduciary duty against Simmons/Mitchell, USI must prove all the following elements by a preponderance of the evidence:

(1) Simmons/Mitchell failed to act with the utmost good faith, fairness, and honesty, or with the highest and finest loyalty;

(2) Simmons/Mitchell failed to protect USI's financial or property interests; or failed to protect USI's secrets, confidences, or private information; or used such information to the detriment of USI; and

(3) A breach of a fiduciary duty by Simmons/Mitchell was a legal cause of damage to USI.

In determining whether a breach of fiduciary duty was a legal cause of damage to USI, you should refer to a separate instruction below titled "Legal Cause of Loss or Damage."

Employees do not breach their fiduciary duties when they make preparations to compete with their current employer. An employee may lawfully prepare to compete by interviewing with competing businesses, or by preparing to establish a rival business. Employees also have no duty to disclose to their employer plans to compete upon leaving their employment. However, employees may not engage in disloyal acts in anticipation of their future competition, such as using confidential information acquired during the course of their employment or soliciting customers and other employees prior to the end of their employment.

## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against Lockton)

USI has brought a claim for aiding and abetting a breach of fiduciary duty against Lockton.  To prevail on its claim of aiding and abetting a breach of fiduciary duty against Lockton, USI must prove all the following elements by a preponderance of the evidence:

(1) Simmons or Mitchell breached a fiduciary duty;

(2) Lockton knew of the breach;

(3) Lockton substantially assisted or encouraged the breach; and

(4)  Lockton's aiding and abetting a breach of fiduciary duty was a legal cause of damage to USI.

To determine whether Simmons or Mitchell breached a fiduciary duty, you should follow the same instructions I just gave you in connection with USI's claim for breach of fiduciary duty against Simmons and Mitchell.

"Substantial assistance" occurs when a defendant affirmatively assists or helps to conceal something, thereby enabling the breach of fiduciary duty to occur.

Lockton's knowledge that Simmons or Mitchell may have breached a fiduciary duty, or a failure by Lockton to prevent a breach of

fiduciary duty, is insufficient to establish that Lockton aided and abetted a breach of fiduciary duty.

To determine whether aiding and abetting a breach of fiduciary duty was a legal cause of damage to USI, you should refer to a separate instruction below titled "Legal Cause of Loss or Damage."

## TORTIOUS INTERFERENCE WITH CONTRACT
### (Against Lockton)

USI has brought a claim of tortious interference with contractual relationships against Lockton. Specifically, USI claims that once the Producers left USI and began working for Lockton, Lockton induced the Producers to breach the provision in their employment contracts prohibiting them from directly or indirectly providing services or accepting requests to provide services or accepting a Broker of Record Letter from former USI customers.

To prevail on a claim of tortious interference against Lockton, USI must prove all the following elements by a preponderance of the evidence:

(1)  Lockton intentionally interfered with a contract between USI and Simmons or Mitchell, or both; and

(2)  Lockton's interference was a legal cause of damage to USI.

To be liable for interfering with the contractual relationship between USI and Simmons or Mitchell, Lockton must have acted intentionally to interfere with the contractual relationship.  An entity interferes with a contract between two or more other persons if it induces one of them to breach or refuse to perform the contract.

Therefore, Lockton must have known of the existence of the contractual relationship, and it must have either intended to induce the breach of the contractual relationship, or acted knowing that its actions were likely to cause that result.

A person does not induce a contracting party to breach a contract if the contracting party had already decided to breach the contract before interacting with the person.

To determine whether tortious interference was a legal cause of damage to USI, you should refer to a separate instruction below titled "Legal Cause of Loss or Damage."

## EVIDENCE CONCERNING
## USI RESOURCES AND SUPPORT

I allowed certain evidence in this trial concerning the sufficiency of resources and support provided by USI to the Producers and other employees during the time of their employment.

As to the Producers, I allowed this evidence for the limited purpose of providing you with information about the background and context in which this dispute took place. You may not consider this evidence to conclude that the USI employment agreements were invalid or unenforceable. As I have previously stated, I have determined that the USI employment agreements are valid and enforceable, and you must accept my determination on that issue.

I have not determined whether Simmons or Mitchell breached fiduciary duties – that is for you to determine. However, when making that determination, you may not consider the sufficiency of resources and support provided to the Producers by USI.

As to employees other than the Producers, you may consider the sufficiency of resources and support provided by USI on the issue of causation. More specifically, you may consider the sufficiency of resources and support when determining the reasons for the employees' departure from USI.

## EVIDENCE CONCERNING INDEMNIFICATION

You have heard that Lockton agreed to indemnify Simmons and Mitchell. It is not wrongful for one party to agree to indemnify another. You may not consider any indemnification agreement when deciding the amount of damages, if any, to award.

## EVIDENCE CONCERNING OTHER LITIGATION

You have heard testimony about other lawsuits involving some of the parties in this case. I allowed this evidence for the limited purpose of providing you with information about the background and context in which this dispute took place. You may not consider this evidence in deciding whether any Defendant is liable or the amount of damages, if any.

## NO NEGATIVE INFERENCE FROM COMMUNICATIONS WITH COUNSEL

It is not wrongful for parties to have a lawyer or to communicate with those lawyers. Those communications are protected by the attorney-client privilege. You may not draw any inferences, either negative or positive, because a party asserted the attorney-client privilege to protect its communications. You may not conclude any Defendant acted wrongfully by seeking legal advice from attorneys and not revealing the contents of communications with those attorneys.

## LEGAL CAUSE OF LOSS OR DAMAGE

Each of the four different claims in this case (breach of contract, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and tortious interference) requires you to make a determination regarding legal cause of loss or damage.

A breach of legal duty (such as breach of contract, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and/or tortious interference) is a legal cause of loss or damage if the breach directly and in natural and continuous sequence produces or contributes substantially to producing such loss or damage, so that it can reasonably be said that, but for the breach, the loss or damage would not have occurred.

To be regarded as a legal cause of loss or damage, a breach of legal duty (such as breach of contract, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and/or tortious interference) need not be the only cause.  A breach may be a legal cause of loss or damage even though it operates in combination with the act of another or some other cause, as long as the breach contributes substantially to producing such loss or damage.

## DAMAGES
## INTRODUCTION

If you find for Defendants, you will not consider the matter of damages. If you find for USI on any of its claims, you should award USI an amount of money that the preponderance of the evidence shows will fairly and adequately compensate USI for its damages. But your damages award must compensate USI only for the claims on which it has prevailed.

## DAMAGES
## BREACH OF CONTRACT

If you find that USI is entitled to damages for Simmons' and/or Mitchell's breach of contract, you should award USI an amount of money that the preponderance of the evidence shows will put USI in as good a position as it would have been if Simmons and Mitchell had not breached the contracts, and which naturally result from the breach. Lost profits are within this category of damages.

## DAMAGES
## BREACH OF FIDUCIARY DUTY

If you find for USI on its breach of fiduciary duty claim against Simmons, you should award USI an amount of money that the preponderance of the evidence shows will put USI in as good a position as it would have been if Simmons had not breached his fiduciary duty to USI, and which naturally result from the breach of duty. However, if you find for Simmons on this claim, you will not consider the matter of damages.

If you find for USI on its breach of fiduciary duty claim against Mitchell, you should award USI an amount of money that the preponderance of the evidence shows will put USI in as good a position as it would have been if Mitchell had not breached his fiduciary duty to USI, and which naturally result from the breach of duty. However, if you find for Mitchell on this claim, you will not consider the matter of damages.

## DAMAGES
## AIDING AND ABETTING BREACH OF
## FIDUCIARY DUTY

If you find for USI on its aiding and abetting breach of fiduciary duty claim against Lockton, you should award USI an amount of money that the preponderance of the evidence shows will put USI in as good a position as it would have been if Lockton had not aided and abetted Simmons' and/or Mitchell's breach of fiduciary duty to USI, and which naturally result from the breach of duty. If you find for Lockton on this claim, you will not consider the matter of damages.

## DAMAGES
## TORTIOUS INTERFERENCE

If you find for USI on its tortious interference claim against Lockton, you should award USI an amount of money that the preponderance of the evidence shows will put USI in as good a position as it would have been if Lockton had not tortiously interfered, and which naturally result from the tortious interference.

## DAMAGES - LOST PROFITS

USI claims that it is entitled to lost profits.  To be entitled to recover lost profits, USI must prove both of the following by a preponderance of the evidence:

(1) Simmons', Mitchell's, or Lockton's actions were a legal cause of USI losing profits; and

(2) USI can establish the amount of its lost profits with reasonable certainty.

For USI to establish the amount of its lost profits with reasonable certainty, it must prove that a reasonable person would be satisfied that the amount of lost profits which it may be entitled to recover is not simply the result of speculation or guessing.  Instead, USI must prove that there is some standard by which the amount of lost profits may be established. USI does not have to be able to prove the amount of lost profits can be calculated with mathematical precision so long as it has shown there is a reasonable basis for determining the amount of the loss.

For USI to establish the amount of lost profits with reasonable certainty, USI's calculation must capture profit after all expenses are accounted for (net profit), not profit after only employee salaries are considered (gross profit).  To calculate net profit, USI must subtract from total revenue all expenses incurred in the normal course of operating its business.

## BURDEN OF PROOF

In this case it is the responsibility of USI to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that USI's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against USI.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of USI's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

## THE DUTY TO FOLLOW INSTRUCTIONS –
## CORPORATION INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all my instructions as a whole. You must not single out or disregard any instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees and, generally, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the corporation.

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial when arriving at your own decisions about the facts.  Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

# CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. When making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

# EXPERT WITNESS

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

# IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that, at some other time, a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## VERDICT FORMS AND CLOSING ARGUMENTS

Verdict forms have been prepared for your convenience, and I will explain them to you now.

You will take the verdict forms with you to the jury room when you deliberate. When you've all agreed on the verdicts, the foreperson must fill in the forms, sign them, date them, and bring them back when you return to the courtroom. They will be read out loud by the Clerk.

The attorneys will now present their closing arguments. Keep in mind that what you are about to hear is not evidence. You have already heard all the evidence there is to hear in the case. Each side has equal time, but the plaintiff is entitled to split its time between an initial closing and then a rebuttal after the defendants have completed closing. When the attorneys complete their closing arguments, I will have one brief final instruction and you will then begin your deliberations.

## DELIBERATIONS AND VERDICT

Thank you for your attention during this trial. We have now reached the final stage of the proceedings. When you get to the jury room, the first thing you should do is choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court. When you've all agreed on a verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

If you wish to communicate with me at any time, please write down your message or question and give it to the Bailiff. The Bailiff will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time. If you have questions, I am required to reconvene court and talk with the attorneys before I answer. This process may take some time, so you should continue your deliberations while you wait for my answer.

Thank you again for your attention. In closing, remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case. You may now retire to the jury room to begin your deliberations.