UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

USI INSURANCE SERVICES LLC,

    Counter-Plaintiff,

v.                                                Case No.: 8:23-cv-201-TPB-AAS

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC,

    Counter-Defendants.
_____/

## VERDICT FORM
### CLAIMS AGAINST LOCKTON

## Instructions

When answering the following questions and filling out this verdict form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the jury instructions. Please refer to the jury instructions if you are unsure about the meaning of any legal term that appears in the questions below.

We, the jury, unanimously agree on the answers to the following questions and return them under the instructions of this Court as our verdict in this case.

## Aiding and Abetting Breach of Fiduciary Duty

1. Did USI prove that Lockton aided and abetted a breach of breach of fiduciary duty by Mr. Simmons? (please circle either "Yes" or "No")

     No

If you answered "No," you have found in favor of Lockton and against USI on USI's claim of aiding and abetting a breach of fiduciary duty by Mr. Simmons. Please proceed to the next question.

2. Did USI prove that Lockton aided and abetted a breach of fiduciary duty by Mr. Mitchell? (please circle either "Yes" or "No")

     No

If you answered "No," you have found in favor of Lockton and against USI on USI's claim of aiding and abetting a breach of fiduciary duty by Mr. Mitchell. If you answered "No" to both of the preceding questions, you have found in favor of Lockton and against USI on USI's claim of aiding and abetting a breach of fiduciary duty. Please proceed to the section below on tortious interference. If you answered "Yes" to either of the preceding questions, please proceed to answer the following question.

3. Did you find that Lockton's aiding and abetting a breach of fiduciary duty was a legal cause of damage to USI? (please circle either "Yes" or "No")

 No

If you answered "No," you have found in favor of Lockton and against USI on USI's claim of aiding and abetting a breach of fiduciary duty. If you answered "Yes," you have found in favor of USI and against Lockton on USI's claim of aiding and abetting a breach of fiduciary duty. Please proceed to answer the following question.

## Tortious Interference with Contractual Relationships

1. Did USI prove that Lockton interfered with a contractual relationship between USI and Mr. Simmons? (please circle either "Yes" or "No")

 No

If you answered "No," you have found in favor of Lockton and against USI on USI's claim of tortious interference with a contractual relationship between USI and Mr. Simmons. Please proceed to answer the following question.

2. Did USI prove that Lockton interfered with a contractual relationship between USI and Mr. Mitchell? (please circle either "Yes" or "No")

 No

If you answered "No," you have found in favor of Lockton and against USI on USI's claim of tortious interference with a contractual relationship between USI and Mr.

Mitchell. If you answered "No" to both of the preceding questions, you have found in favor of Lockton and against USI on USI's claim of tortious interference. Please proceed to the section on damages. If you answered "Yes" to either of the preceding questions, please proceed to answer the following question.

3. Did you find that Lockton's tortious interference was a legal cause of damage to USI? (please circle either "Yes" or "No")

    **(Yes)**      No

If you answered this question "No," you have found in favor of Lockton and against USI on USI's claim of tortious interference. If you answered this question "Yes," you have found in favor of USI and against Lockton on USI's claim of tortious interference. Please proceed to the next question.

## Damages

1. Did you find in favor of USI on any of its claims against Lockton, either aiding and abetting breach of fiduciary duty or tortious interference, or both? (please circle either "Yes" or "No")

    **(Yes)**      No

If your answer to this question is "No," you should not answer the following questions and proceed to sign and date the verdict form. If your answer was "Yes," please proceed to answer the following questions.

2. What is the total amount of damages, if any, Lockton's aiding and abetting breach of fiduciary duty caused USI to sustain? The amount you determine, if any, must be only for Lockton, and not any other Defendants.

   $ 457,500

3. What is the total amount of damages, if any, Lockton's tortious interference caused USI to sustain? The amount you determine, if any, must be only for Lockton, and not any other Defendants.

   $ 457,500

   915,000.00

   ✗

4. If you are awarding damages to USI from any of the three Defendants, please indicate the *total amount of damages you intend to award for the entire case* (this is the total amount of damages after adding together the separate amounts, if any, you determined were caused by Mr. Simmons, Mr. Mitchell, and Lockton).

   Total Amount of damages $ 3,050,000

**SO SAY WE ALL**, this 18 day of July, 2024.

███████████
_____
FOREPERSON (signature)

███████████
_____
(please print name legibly)