UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SIMMONS, SHEILA
MURRAY, JACK MITCHELL,
JACKIE RODRIGUEZ, MADISON
LIEFFORT, and EMILY CARTER,

    Plaintiffs,                         Case No. 8:23-cv-201-TPB-AAS

vs.

USI INSURANCE SERVICES, LLC, a
foreign limited liability company and
USI ADVANTAGE CORP., a foreign
corporation,

    Defendants.
_____/

USI INSURANCE SERVICES LLC,

    Counter-Plaintiff,

vs.

MATTHEW SIMMONS, JACK MITCHELL
and SOUTHEAST SERIES OF LOCKTON
COMPANIES, LLC,

    Counter-Defendants.
_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART</u>**

This matter comes before the Court on the report and recommendation of Amanda A. Sansone, United States Magistrate Judge entered January 23, 2025. (Doc. 351). Judge Sansone recommends that "Plaintiff's Motion for Order of Entitlement to Attorney's Fees and Costs" (Doc. 320) be granted in part.

Specifically, Judge Sansone recommends that Defendant/CounterPlaintiff USI Insurance Services, LLC, be held entitled to an award of fees and costs incurred in connection with its claim for breach of the restrictive covenants in the employment agreements between USI and Defendants Matthew Simmons and Jack Mitchell. Judge Sansone recommends that USI be required to demonstrate in its motion as to the amount of fees what proportion of its incurred fees and costs may be allocated to USI's claims for breach of contract, as opposed to its tort claims. Defendants filed an objection to the report and recommendation on February 6, 2025, and USI filed a response on February 20, 2025. (Docs. 352; 353)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

Upon due consideration of the record, including Judge Sansone's well-reasoned report and recommendation, the Court adopts the report and recommendation in part. The Court adopts in full Judge Sansone's factual and legal analysis, including her conclusions, based on the record as it stands, that USI

is the prevailing party for purposes of a fee award under § 542.335(1)(k), *F.S.*, and that USI be required to explain in its motion as to the amount of fees what portion of the fees and costs may be allocated to its claims for breach of contract.

An award of fees under § 542.335 is discretionary, however, and the report and recommendation did not address the issue of discretion. The points Defendants have raised against a discretionary award of fees are substantial, and the Court has not decided whether a fee award is called for. USI at this point is the prevailing party. It obtained a preliminary injunction, a permanent injunction, and a damage award of more than $3 million. USI nevertheless moved for a new trial on damages, seeking to multiply its winnings many, many times over under a damage theory rejected by the Court prior to trial, as well as an unspecified amount of punitive damages, also rejected by the Court. Alternatively, USI asked the Court to simply add another $16-17 million to its recovery under a disgorgement theory. When that motion was denied, USI appealed and will presumably raise these points in the Eleventh Circuit. As a result, Defendants have cross-appealed and will presumably argue, as they did in their own post-trial motion, that USI failed to prove it suffered any damages at all. Assuming that USI remains the prevailing party after the Eleventh Circuit's decision, the Court believes that the exercise of its discretion as to this issue should be informed by the outcome of the appeal as well as examination of the nature of the fees and costs incurred by USI in pursuing its claims.

The Court therefore declines to adopt the report and recommendation to the extent that it recommends USI be deemed entitled to an award of fees at this stage of the proceedings. The Court will instead deny USI's motion for fees and costs without prejudice to USI renewing the motion as to entitlement, if appropriate, within fourteen days after issuance of the opinion in the pending appeal. In the event USI remains the prevailing party after the appeal is concluded, the Court will modify the usual bifurcated procedure under Local Rule 7 and direct USI to file its motion as to the amount of fees and costs prior to a final determination on entitlement, so that the Court may be fully informed before exercising its discretion on this issue.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Judge Sansone's report and recommendation (Doc. 351) is **ADOPTED IN PART**.

(2)  To the extent the report and recommendation concludes, based on the existing record, that USI is the prevailing party for purposes of a fee award under § 542.335(1)(k), *F.S.*, and that USI be required to explain in its motion as to the amount of fees what portion of the fees and costs may be allocated to its claims for breach of contract, the report and recommendation is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review. The Court declines to adopt the report and recommendation to

the extent that it recommends USI be deemed entitled to an award of fees at this juncture.

(3) "Plaintiff's Motion for Order of Entitlement to Attorney's Fees and Costs" (Doc. 320) is **DENIED WITHOUT PREJUDICE**. USI may renew its motion after the conclusion of the pending appeal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of June, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE